

# U. S. Department of Justice

## United States Attorney
## Northern District of Iowa

111 Seventh Avenue SE  
Box 1  
Cedar Rapids, IA 52401-2101  

319-363-6333  
319-363-1990 (fax)  
319-286-9258 (tty)

June 17, 2024

Mr. Nicholas A. Sarcone  
Babich Sarcone, PLLC  
501 SW 7th Street  
Des Moines, IA 50309

Re:   *United States v. Gabriel Alejandro Hernandez-Roman, No. 24-CR-34*

Dear Mr. Sarcone:

This letter will serve as a REVISED memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Gabriel Alejandro Hernandez-Roman, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on June 17, 2024, unless otherwise extended by the government.

## CHARGES AND PENALTIES

1. \_*GHR*\_Defendant will plead guilty to Count 1 of the Indictment filed on April 25, 2024. Count 1 charges Wrongfully Obtaining Individually Identifiable Health Information Relating to an Individual Under False Pretenses and With Intent to Use for Personal Gain and Malicious Harm, in violation of 42 U.S.C. § 1320d-6(a)(2), (b)(2), and (b)(3). For purposes of his plea, defendant will admit to Wrongfully Obtaining Individually Identifiable Health Information Relating to an Individual Under False Pretenses, in violation of 42 U.S.C. § 1320d-6(a)(2) and (b)(2).

2. \_*GHR*\_Defendant understands that Count 1 of the Indictment is punishable by the following maximum penalties: (1) not more than 5 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of up to 3 years.

Government Exhibit 1  
Case 24-CR-34  
Plea Hrg

3. *GHR* Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

4. *GHR* At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charge specified in Paragraph 1 of this agreement. The U.S. Attorney's Office for this District will file no additional Title 42 HIPAA-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. *GHR* Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

## NON-COOPERATION

6. *GHR* Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United

States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

7. *G.H.R.* By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

### General Allegations

At all relevant times:

*Hospital-1*

*G.H.R.* Hospital-1 operated in the Northern District of Iowa as a "health care provider," as defined by Title 42, United States Code, Section 1320d(3) and Title 45, Code of Federal Regulations, Section 160.103. The term "health care provider" includes a provider of services, a provider of medical or other health services, and any other person furnishing health care services or supplies. 42 U.S.C. § 1320d(3).

*G.H.R.* Hospital-1 treated patients residing in the Northern District of Iowa and elsewhere. As a provider of medical and health services, Hospital-1 furnished, billed, and was paid for, health care in the normal course of business. Patients receiving treatment at Hospital-1, and from physicians and medical practices associated with Hospital-1, provided their personal identification and health information, including name, date of birth, social security number, medical history, prescriptions received, and medications taken. Hospital-1 used computers and computer systems to store and exchange patient medical information electronically and, through

those computers and systems, physicians could view electronic medical records of patients that were generated at Hospital-1, as well as other health care providers.

### HIPAA

*[initialed]* Hospital-1 was a "covered entity," as described in the Health Insurance Portability and Accountability Act ("HIPAA") privacy regulation, Title 42, United States Code, Section 1320d-9(b)(3), and Title 45, Code of Federal Regulations, Section 160.103. The patient records maintained on Hospital-1's computers and computer systems contained "individually identifiable health information," as defined by Title 42, United States Code, Section 1320d(6), and Title 45, Code of Federal Regulations, Section 160.103.

*[initialed]* The term "covered entity" means, in part, a health care provider who transmits any health information in electronic form in connection with a transaction covered by the subchapter, 45 CFR § 160.103. "Individually identifiable health information" is information, including demographic data, that relates to: (1) the individual's past, present or future physical or mental health or condition, (2) the provision of health care to the individual, or (3) the past, present, or future payment for the provision of health care to the individual, and that identifies the individual or for which there is a reasonable basis to believe it can be used to identify the individual, 45 CFR § 160.103.

### Defendant's Residency

*[initialed]* Defendant graduated from medical school from the University of Medicine & Health Sciences at Saint Kitts in 2020.

*[initialed]* On June 11, 2020, defendant was issued a resident physician license in the State of Iowa and given a license number ending in 975. Beginning on June 24, 2020, defendant was a participant in the Emergency Medicine Residency Program at a university hospital in Iowa.

*[initialed]* During his residency program, defendant performed rotations at Hospital-1. In his capacity as a resident, defendant was authorized to access individually identifiable health information of Hospital-1's

patients but only insofar as necessary to provide services to those patients.

### HIPAA Violations at Hospital-1

11. K.F. was defendant's paramour. On January 31, 2022, in Cedar Rapids, Linn County, Iowa, within the Northern District of Iowa, defendant knowingly and without authorization obtained individually identifiable health information relating to K.F. and maintained by a covered entity, Hospital-1, under false pretenses. Specifically, defendant used his access, as a resident doctor, to Hospital-1's electronic medical records system to access K.F.'s medical records and learn private medical information about K.F. without K.F.'s knowledge or consent. At no time did K.F. consent to defendant accessing K.F.'s medical records. Defendant accessed K.F.'s medical records while working a shift in Hospital-1's emergency department. K.F. was never defendant's patient and was not a patient in Hospital-1's emergency department at the time defendant accessed K.F.'s medical records.

12. On January 18, 2022, defendant sent a photograph of one of Hospital-1's patients to T.G. via SnapChat. The photograph showed the patient in a hospital setting, wearing a gown, with the patient's rectum clearly hanging out of the body. Defendant had no legitimate medical purpose for taking this photograph or, further, for sending it via SnapChat to T.G.

### HIPAA Violations at Hospital-2

13. Defendant also worked at Hospital-2's emergency department in Iowa City, Iowa. On April 30, 2023, Hospital-2 received an anonymous complaint that defendant had accessed patients' protected health records, had threatened the patients, and was romantically involved with the patients. The patients included K.F. and M.C.

14. Hospital-2 conducted a HIPAA audit and discovered that, on October 20, 2020, defendant accessed M.C.'s medical records. M.C. was not a patient in Hospital-2's emergency department on that date and, further, was never one of defendant's patients. Further, Hospital-2 discovered that defendant had accessed K.F.'s medical records on

March 3, 2021. K.F. was not a patient in Hospital-2's emergency department on that date and, as stipulated above, was never one of defendant's patients.

<u>Defendant's Statements and Other Invasions of Privacy</u>

*G.H.R.* On May 9, 2023, Hospital-2 officials interviewed defendant. Defendant admitted that he had dated M.C. and, on October 20, 2020, he had accessed M.C.'s medical record even though he was not providing care to M.C. Defendant also admitted that he had accessed K.F.'s medical records on March 3, 2021.

*G.H.R.* On June 20, 2023, defendant mailed a letter to the Iowa Board of Medicine. In the letter, defendant admitted to accessing the confidential medical records of K.F. and M.C. and also to sharing the photograph of the prolapsed rectum without the consent of the patient at Hospital-1. Defendant falsely wrote in the letter that he had sent the photograph of the prolapsed rectum to his mother to remind her of the importance of fiber intake.

*G.H.R.* N. Defendant sent an x-ray image of a patient to T.G.

## **SENTENCING PROVISIONS**

8. *G.H.R.* Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

9. *G.H.R.* During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw

defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

10. *G.H.R.* The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

*G.H.R.* **Base Offense Level – Invasion of Privacy (Chapter 2):** For Count 1, pursuant to USSG §1B1.2 and USSG §2X5.1, the parties agree that the most analogous guideline is USSG §2H3.1. pursuant to USSG §2H3.1(a)(1), **the appropriate base offense level is 9**.

*G.H.R.* **Abuse of Trust (Chapter 3 adjustment):** Pursuant to USSG §3B1.3, **a two-level increase** for abuse of trust is appropriate, because defendant abused a position of public and private trust in a manner that significantly facilitated the commission and concealment of the offense.

*G.H.R.* **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea. However, the United States may withhold a motion under USSG §3E1.1(b) based on any interest identified in USSG §3E1.1 or the commentary thereto.

*G.H.R.* **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

*G.H.R.* **Departure – USSG §5K1.1 and 18 U.S.C. § 3553(e):** The United States will not make a motion for downward departure under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

*G.H.R.* No other agreements have been reached, and the parties are free to litigate in the district court any and all other applicable adjustments, departures, or cross-references under the United States Sentencing

Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction.

11. *[initials]* Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

12. *[initials]* The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

13. *[initials]* Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

- A. The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and recommendations may be different from those of the parties to this agreement.

- B. The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

- C. The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the Court is authorized to order restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## CONDITIONS OF SUPERVISION

14. *G_HR* probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

15. *G_HR* Defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court." If defendant fails to pay the special assessment prior to the sentencing, defendant stipulates that a downward adjustment for acceptance of responsibility under USSG §3E1.1 is not appropriate unless the Court finds defendant had no ability to pay prior to the sentencing.

16. *G_HR* Defendant agrees that defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense to which defendant is pleading guilty pursuant to any applicable restitution statute. In addition, defendant agrees that defendant will pay restitution for the full amount of the victims' losses to all victims of any offense(s) dismissed as a result of this plea agreement and any offenses not charged as a result of this plea agreement, including any HIPAA violations committed by defendant at any hospital within the State of Iowa, including Hospital-1 and Hospital-2. Defendant agrees that defendant will pay restitution for the full amount of the victims' losses to all victims of the following conduct: HIPAA violations at any hospital within the State of Iowa. Defendant agrees that the victims entitled to restitution include but are not limited to the following: K.F., M.C., Hospital-1, Hospital-2, and any other individual and/or hospital related to any HIPAA violation within the State of Iowa. Defendant understands he will be required to pay, and promised to pay, any costs (including ordinary costs and attorney fees) incurred by the victims arising out of his HIPAA violations. For purposes of this paragraph, the term "victim" includes both statutory victims and persons directly and proximately harmed as a result of the conduct outlined in this paragraph; defendant agrees to pay restitution to non-statutory victims pursuant to 18 U.S.C. §§ 3663 and 3663A. Defendant further understands the amount of loss sustained by each victim will be investigated during the course of preparation of the presentence investigation report. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant agrees that full restitution will be ordered regardless of

defendant's financial resources. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement to the victims. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

17. *[initials: G.HR]* Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

18. *[initials: G.HR]* Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## GENERAL MATTERS

19. *G HR* Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

20. *G HR* If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

21. *G HR* Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

22. *G HR* Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges.

The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## WAIVER OF APPEAL

23. *GHR* After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2). Defendant also waives the right to appeal any non-jurisdictional issues, including but not limited to any issues relating to restitution. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. In the event that defendant files a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), the permissible bases for such a motion are limited to the bases set forth in USSG §1B1.13, until that provision is amended by the United States Sentencing Commission, and defendant waives the right to argue for such a reduction in term of imprisonment based on grounds other than the bases outlined in USSG §1B1.13. Defendant's waiver of the rights set out above includes defendant's waiver of the rights (1) to contest, facially or as applied, the constitutionality of the statute(s) under which defendant is pleading guilty, (2) to contest, facially or as applied, the constitutionality of the statute(s) or guidelines under which defendant will be sentenced, (3) to argue that defendant's conduct does not fall within the scope of these statute(s) or guidelines, or (4) to challenge the voluntariness of defendant's guilty plea. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement, or (2) if the sentence imposed exceeds the maximum statutory penalty. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's

appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

### ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

24. *G HR* Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

25. *G HR* Defendant acknowledges that a prior plea offer dated June 12, 2024, has expired or been rejected. Defendant agrees defendant was notified of the plea offer(s) and defendant had a full and complete opportunity to discuss these offer(s) with defense counsel prior to the expiration or rejection date.

26. *G HR* Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

27. *G HR* Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or

federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

## **VERIFICATION**

28. *G HR* This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

TIMOTHY T. DUAX
United States Attorney

By, */s/ Timothy L. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Authorization to Release Credit Information

Consent to Proceed Before Magistrate Judge

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____  06 / 17 / 2024
GABRIEL ALEJANDRO                Date
HERNANDEZ-ROMAN
Defendant

_____
TIMOTHY L. VAVRICEK              Date
Digitally signed by TIMOTHY VAVRICEK
Date: 2024.06.17 14:57:11 -05'00'

Assistant United States Attorney

_____  06 / 17 / 2024
NICHOLAS A. SARCONE              Date
Attorney for Defendant



| | |
|---|---|
| **Title** | Hernandez Roman REVISED Proposed Plea Agreement approved... |
| **File name** | Hernandez%20Roman...ed%2006172024.pdf |
| **Document ID** | 0712530bc1695ce8d6a4c1a947e79e5f46cfe678 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**
**06 / 17 / 2024**
17:40:10 UTC
Sent for signature to Gabriel Hernandez-Roman (gabrielhernandezroman.2@gmail.com) from nick@babichsarcone.com
IP: 63.238.173.186

**VIEWED**
**06 / 17 / 2024**
19:42:28 UTC
Viewed by Gabriel Hernandez-Roman (gabrielhernandezroman.2@gmail.com)
IP: 172.59.17.102

**SIGNED**
**06 / 17 / 2024**
19:44:11 UTC
Signed by Gabriel Hernandez-Roman (gabrielhernandezroman.2@gmail.com)
IP: 172.58.5.17

**COMPLETED**
**06 / 17 / 2024**
19:44:11 UTC
The document has been completed.

Powered by Dropbox Sign

Doc ID: 440f4a48bc332add17ca46821ddcc8a4952162a0

 Audit trail

| | |
|---|---|
| Title | Hernandez_Roman_REVISED_plea agreement_countersigned.pdf |
| File name | Hernandez_Roman_R...countersigned.pdf |
| Document ID | 440f4a48bc332add17ca46821ddcc8a4952162a0 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

This document was requested from app.clio.com

## Document History

**SENT**
**06 / 17 / 2024**
20:08:05 UTC
Sent for signature to Gabriel Hernandez-Roman (gabrielhernandezroman.2@gmail.com) from nick@babichsarcone.com
IP: 63.238.173.186

**VIEWED**
**06 / 17 / 2024**
20:08:21 UTC
Viewed by Gabriel Hernandez-Roman (gabrielhernandezroman.2@gmail.com)
IP: 172.58.5.1

**SIGNED**
**06 / 17 / 2024**
20:09:15 UTC
Signed by Gabriel Hernandez-Roman (gabrielhernandezroman.2@gmail.com)
IP: 172.58.5.1

**COMPLETED**
**06 / 17 / 2024**
20:09:15 UTC
The document has been completed.

Powered by Dropbox Sign